UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JONATHAN ALMIRUDIS,

    Defendant.

_____/

CASE NO. 05-CV-10004-BC

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that this case be **DISMISSED** for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1] The Court may also wish to consider awarding attorney fees to counsel for Defendant.

**II.    REPORT**

    **A.    Introduction and Facts**

Pending, pursuant to an Order of Reference from United States District Judge David Lawson, is Plaintiff's Motion for Summary Judgment and Dismissal. Oral argument was scheduled for October 26, 2005, in the event that a consent judgment was not signed. Counsel for Defendant appeared for the hearing, however Plaintiff's counsel did not appear.

---

[1] In the event that this recommendation is adopted, Plaintiff's Motion for Summary Judgment (Dkt. 4) will be moot.

On January 7, 2005, Plaintiff filed suit seeking delinquent payments on a student loan, and on February 14, 2005, Defendant filed an answer. On May 11, 2005, counsel for Plaintiff filed a motion for summary judgment. (Dkt. 4.) The motion was referred to this Magistrate Judge and set for hearing on June 16, 2005. (Dkts. 5 & 6.) At the request of the parties, the matter was rescheduled for July 7, 2005. This date was cancelled at the request of the parties after counsel notified Chambers' staff that a consent judgment was forthcoming.

Because no further action was taken by either party, on October 6, 2005, I issued an order for further proceedings setting forth a summary of the status of the case at that time. As noted in the order, subsequent to the cancellation of the July hearing date, Chambers' staff sought to inquire as to the status of the consent judgment on a number of occasions, and various reasons were given for the delay in filing the proposed consent judgment. At one point it appeared that the parties may not in fact have agreed to a consent judgment, although at a later date, counsel for Plaintiff stated that there had been an agreement. In order to resolve these inconsistencies and move the case forward, the order for further proceedings directed that all counsel appear on October 26 at 2:45 p.m. for either the entry of a consent judgment or argument on the pending motion for summary judgment, whichever was appropriate.

Counsel for Defendant appeared at the appointed date and time. Counsel stated on the record that it was his understanding that both counsel had agreed to the terms of a consent judgment, which had been submitted to Plaintiff's counsel for signature. Counsel for Defendant stated that he had, on numerous occasions, attempted to contact counsel for Plaintiff to secure counsel's signature, without success.

This Magistrate Judge then personally called the offices of Plaintiff's counsel requesting to speak with either of the counsel listed on Plaintiff's pleadings. I was informed by office staff

that neither counsel was present, and in fact no attorney was in the office at that time. I was further informed that both of the lawyers listed as counsel for Plaintiff were out of state and attending a training seminar in Memphis, Tennessee.

### B. Analysis and Conclusions

The United States Supreme Court considered Rule 41(b) of the Federal Rules of Civil Procedure at some length in the case of *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). There the Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of *nonsuit* and *non prosequitur* entered at common law . . . and dismissals for want of prosecution of bills in equity . . . .

*Link*, 370 U.S. at 629.

The Court went on to state:

> Neither the permissive language of the rule which merely authorizes a motion by the defendant nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. . . . it would require a much clearer expression of purpose than Rule 41(b) provides for us to assume that it was intended to abrogate so well-acknowledged a proposition.

*Id*. at 630-31.

Under both the literal language of Rule 41(b) and the interpretation given that language by the United States Supreme Court, I suggest that the dismissal of this case for want of prosecution is both necessary and appropriate. Since the filing of the motion for summary judgment over four

and one-half months ago, counsel for Plaintiff has taken absolutely no action in this case. Repeated efforts to contact counsel both by Chambers' staff and by counsel for Defendant have been unavailing. When this judicial officer contacted counsel's law firm on the hearing date set by the order for further proceedings, he learned that neither Plaintiff's counsel was even in the state of Michigan. I suggest that this conduct clearly constitutes a want of prosecution within the meaning of Rule 41(b).

I further suggest that the Court may wish to assess attorney fees. While under the American Rule the parties bear their own attorney fees, there are several exceptions to the rule. *See Jones v. Continental Corp.*, 789 F.2d 1225, 1228-29 (6th Cir. 1986). Among them is the principle that as part of its inherent powers, a district court may award attorney fees in its discretion without statutory authorization for willful violation of a court order by the losing party and for bad faith or oppressive litigation practices. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 275, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975); *F.D. Rich Co., Inc. v. United States for Use of Indus. Lumber Co., Inc.*, 417 U.S. 116, 129, 94 S. Ct. 2157, 40 L. Ed. 2d 703 (1974). Moreover, the district court has supervisory power to regulate the conduct of attorneys and parties before it, which may include awarding attorney fees. *United States v. Payner*, 447 U.S. 727, 100 S. Ct. 2439, 65 L. Ed. 2d 468 (1980); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). Since Plaintiff counsel's actions could fall within the ambit of these doctrines the award of attorney fees to Defendant may be appropriate in this case.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure

to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                    s/ *Charles E Binder*
                                                    CHARLES E. BINDER
Dated: October 27, 2005                        United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Pamela Ritter, and served in the traditional manner on Peter Riebschleger and Honorable David M. Lawson.

Dated: October 27, 2005                                            By    s/Mary E. Dobbick
                                                                                 Secretary to Magistrate Judge Binder