UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                          Case Number 05-10004-BC
v.                                                        Honorable David M. Lawson

JONATHAN ALMIRUDIS,

        Defendant.
_____/

## ORDER REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DIRECTING FURTHER PROCEEDINGS

The United States filed this action to collect a delinquent student loan from the defendant, Jonathan Almirudis. The defendant filed an answer to the complaint, and thereafter the plaintiff filed a motion for summary judgment. The Court referred the motion to Magistrate Judge Charles E. Binder on May 19, 2005 pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Binder attempted to conduct a hearing on the motion but postponed a decision because the parties suggested to him that settlement discussion may yield a consent judgment. No consent judgment was forthcoming, however.

On October 6, 2005, Magistrate Judge Binder issued an order for further proceedings directing the parties to appear before him on October 26, 2005 at 2:45 p.m. to either enter a consent judgment or argue the summary judgment motion. Counsel for the defendant appeared, but counsel for the plaintiff failed to attend the proceedings. On that occasion, Magistrate Judge Binder attempted to contact plaintiff's counsel without success.

The magistrate judge then filed a report recommending that the matter be dismissed for want of prosecution. The plaintiff has now filed objections to the report and recommendation claiming

that dismissal is too harsh a sanction. The magistrate judge also suggested that an award of attorney fees against the plaintiff's attorney may be appropriate, to which the plaintiff also objects.

The magistrate judge explained in his report that when he contacted plaintiff's counsel's office, he was informed that the attorney handling the matter was out of state at a training seminar and there was no other lawyer in the office at the time. In the objections, plaintiff's counsel acknowledges that she was not in the State of Michigan, her associate was covering matters in other courts, and in fact no one was available on that date to cover the motion scheduled by the magistrate judge. Counsel for the plaintiff admits that her failure to attend the proceedings was "the result of an internal docketing error."

Although Rule 41(b) of the Federal Rules of Civil Procedure authorizes a dismissal for want of prosecution, the Court believes that a dismissal, albeit without prejudice, is too harsh a sanction under the circumstances presented here. The Court understands the magistrate judge's frustration in his attempts to resolve a pending motion and advance the matter on the docket. When those efforts are frustrated because of the acknowledged negligence of plaintiff's attorney's office staff, dismissal of the case is indeed one of the options available to the Court. However, terminating the lawsuit because of a single – although avoidable – mistake by the plaintiff's lawyer seems counterproductive, particularly when the unresolved dispute likely will simply generate additional litigation and the attendant expenses of more filing fees and fees for service of process. Mistakes occur in busy law offices, and if they can be fixed with little consequence to the parties, the severe sanction suggested the magistrate judge tends toward a draconian solution that, perhaps, ought to be avoided.

On the other hand, counsel for the defendant was put to the expense of appearing at a court proceeding that ultimately resulted in a waste of time and expense, through no fault of his own, but rather because of the neglect of the plaintiff's lawyer. When faced with similar circumstances, seasoned practitioners frequently acknowledge the inconvenience of the day, bank the experience in the hope of drawing against it later when a similar misfortune befalls them, and graciously accept the apology of the absent opponent. However, the Court is authorized to award attorney fees, not as punishment against the attorney who failed to appear but to make whole the lawyer whose time was spent for naught. The Court will entertain a request for attorney fees from defense counsel if he chooses to file one.

Accordingly, it is **ORDERED** that the recommendation of the magistrate judge for dismissal of the matter without prejudice is **REJECTED**.

It is further **ORDERED** that counsel for the parties appear before this Court for a status conference on **December 20, 2005 at 2:00 p.m.** At that time, if the matter is resolved the parties should be prepared to enter a consent judgment.

It is further **ORDERED** that the order referring the motion for summary judgment to the magistrate judge is temporarily withdrawn.

Dated: December 2, 2005               s/David M. Lawson
                                      DAVID M. LAWSON
                                      United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 2, 2005.

                                      s/Tracy A. Jacobs
                                      TRACY A. JACOBS